**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| TEAM ONE TRANSPORT, INC.  ) | Case No. 10-15246-AJM-11 |
| ) | |
| Debtor. ) | |
| ) | |

**DEBTOR'S FIRST DAY MOTION PURSUANT TO 11 U.S.C. §§ 363 AND 105 FOR AUTHORIZATION TO USE CASH COLLATERAL**

Team One Transport, Inc., the debtor and debtor-in-possession (the "Debtor" or "Team One"), by counsel, hereby files its First Day Motion Pursuant to 11 U.S.C. § 363 and 105, for authorization to Use Cash Collateral (the "Motion"), and in support of the Motion states the following:

**JURISDICTION AND VENUE**

1. On October 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor seeks to operate its businesses and manage its property as debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The Debtor has or will shortly be filing its application to hire Benesch Friedlander Coplan & Aronoff LLP as counsel for the Debtor.

**BACKGROUND**

4. The Debtor is a dry van carrier and transports team freight throughout the 48 contiguous states, with its headquarters located in Columbus, Bartholomew County, Indiana.

5. The Debtor has approximately 180 employees, and currently operates approximately 103 trucks.

6. U.S. Xpress is the Debtor's largest customer, and also its largest creditor.

7. Through an agreement with U.S. Xpress, the Debtor acts as a subcontractor providing freight services for a number of U.S. Xpress customers, including a significant number of Federal Express ("Fed Ex") routes.

8. As part of its arrangement with U.S. Xpress, the drivers employed by the Debtor carry TransFund cards which are utilized to pay tolls, purchase fuel, and obtain other necessary supplies and/or repairs utilized in the business.

9. The expenses are immediately charged to U.S. Xpress, and in the normal course of business, U.S. Xpress then charges the expenses back to the Debtor via offsets against amounts due and owing for the freight services provided, paying only a net amount to the Debtor.

10. In addition to obligations to U.S. Xpress on the usage of the Transfund cards, the Debtor is also obligated to U.S. Xpress in the amount of approximately $2,100,000 pursuant to the terms of three (3) secured notes in the original principal amounts of $1,250,000, $600,000, and $425,000 (the "Notes").

11. The indebtedness currently due and owing to U.S. Xpress pursuant to the Notes totals approximately $2,195,403.69 (the "Note Indebtedness").

12. The Note Indebtedness is secured by a blanket lien on all assets of the Debtor, including, but not limited to, accounts receivable and cash accounts of the Debtor (the "Cash Collateral").

13. In late 2005 and early 2006, the Debtor fell behind in making payments to the IRS for certain employment taxes. The Debtor was able to negotiate a payment plan with the IRS for the arrearages, late fees, and penalties.

14. In the Spring of 2009, as the economy worsened, the Debtor was unable to satisfy its payment plan obligations to the IRS on the arrearages and fell further behind on its employment tax obligations.

15. The Debtor has been unable to negotiate a resolution of its liabilities to the IRS, and was facing levies on its accounts, which necessitated the filing of this Bankruptcy Case.

16. The IRS claims a lien on all or a portion of the Cash Collateral, and contends that it holds a first and prior lien against the accounts receivable of the Debtor.

17. U.S. XPress asserts that pursuant to the Notes and related underlying loan documents, the Bankruptcy Code, and applicable Indiana law, U.S. XPress has valid and perfected liens against the Debtor's interest in the Cash Collateral.

### RELIEF REQUESTED

18. By this Motion, the Debtor seeks entry of an order authorizing it to use the Cash Collateral, in accordance with the budget attached hereto as Exhibit A.

### BASIS FOR RELIEF REQUESTED

19. The statutory bases for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code.

20. If Debtor is not permitted to use its Cash Collateral to operate its business and maintain the property securing the Indebtedness, the Debtor will have to cease operations.

21. At the time of filing this Motion, the Debtor is engaged in transporting freight throughout the United States through the operation of approximately one hundred three (103)

trucks. The Debtor is obligated under an agreement with U.S. Xpress, to transport time-sensitive freight for Fed Ex.

22. In order for the Debtor to continue to generate income, the Debtor must continue to run the trucks, which necessarily results in the expenditure of funds for leasing, maintaining, and operating the trucks, including paying employees to drive the trucks.

23. The Debtor believes the costs of continuing to operate its business is less than the income it will generate from such operation, thereby creating replacement collateral for the protection of its secured creditors U.S. Xpress and the IRS, and posing no threat to its unsecured creditors.

24. The Debtor is without funds, credit or unencumbered assets with which to pay its employees or with which to deal with its trade creditors to secure necessary goods and services and requires the use of Cash Collateral to meet these operating expense requirements.

25. An immediate, urgent and ongoing need exists for the Debtor to use cash collateral to permit the Debtor to meet payroll to operate its ongoing business, including, but not limited to, the payment of pre-petition payroll expenses.

26. In order to maintain the viability of the Debtor's business for the benefit of the estate and its creditors, and to maximize the value of said business, it is essential that the Debtor be granted authority to use the Cash Collateral.

27. As adequate protection for the use of Cash Collateral, the Debtor proposes to grant U.S. Xpress and the IRS replacement liens on post-petition receivables and accounts, to the same extent and validity as such liens existed in the pre-petition Cash Collateral.

28. U.S. Xpress Enterprises, Inc. and the IRS are the only parties known to the Debtor to currently hold claims or liens against the Debtor's Cash Collateral.

**NOTICE AND NO PREVIOUS REQUEST**

29. Pursuant to Bankruptcy Rule 4001(d)(1), notice of the relief requested in this Motion has been given to US Xpress, the Internal Revenue Service, the twenty (20) largest creditors, and the United States Trustee.

30. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, based on the foregoing, the Debtor, Team One Transport, Inc., respectfully requests that this Court enter an interim order authorizing the Debtor to use cash collateral substantially in accordance with the budget attached hereto, and scheduling a final hearing on the Debtor's request for authority to use cash collateral.

Respectfully submitted this 8th day of October, 2010

/s/ Wendy D. Brewer
Samuel D. Hodson (#10842-41)
Wendy D. Brewer (# 22669-49)
Fred L. Cline (# 27781-32)
Benesch, Friedlander, Coplan & Aronoff LLP
One American Square, Suite 2300
Indianapolis, Indiana
Telephone:  (317) 632-3232
Facsimile:  (317) 632-2962
E-mail: shodson@beneschlaw.com,
wbrewer@beneschlaw.com, and
fcline@beneschlaw.com

*Attorneys for Team One Transport, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *First Day Motion for Pursuant to 11 U.S.C. §§ 363 and 105, for Authorization to Use Cash Collateral* was filed electronically this 8th day of October, 2010. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system. I hereby further certify that I caused a copy of the foregoing *Motion* to be served via U.S. Mail, First Class, Postage Pre-Paid upon parties that are not registered to receive notice by operation of the Court's electronic filing system at their respective addresses listed on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                          /s/ Wendy D. Brewer  
                                                          Wendy D. Brewer